UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBIN DEXTER & DANIEL DEXTER, : | |
| : | |
| Plaintiffs, : | |
| : | No. 3:11-CV-00302-CSH |
| v. : | |
| : | |
| UNITED RECOVERY SYSTEMS, LP, et al : | |
| : | JUNE 28, 2011 |
| Defendant. : | |
| : | |

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES

The defendant, United Recovery Systems, LP ("URS"), by and through the undersigned counsel, for its Answer to the Complaint herein, hereby deny each and every averment, except as expressly stated below, as follows:

1. Admits that this purports to be a suit under the statutes referenced in this Paragraph 1, but defendant denies liability thereunder.

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 2 and therefore leaves the plaintiff to her proof.

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 3 and therefore leaves the plaintiff to her proof.

4. Admits.

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 5 and therefore leaves the plaintiff to her proof.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 6 and therefore leaves the plaintiff to her proof.

7. Personal jurisdiction is not disputed but URS denies the allegations of this Paragraph 7.

8. Venue is not disputed, but URS denies the allegations of this Paragraph 8.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 9 and therefore leaves the plaintiff to her proof.

10. Admits that GMAC hired URS and otherwise denies the remaining allegation of this Paragraph 10.

11. Admits that at some time URS attempted to contact in an effort to collect amounts from Robin Dexter and otherwise denies the allegations of this Paragraph 11.

12. Admits that URS attempted to reach robin Dexter by telephone and otherwise denies the allegations of this Paragraph 12.

13. Admits that Mr. O'Dell spoke to Robin Dexter on one or more occasions, admits that Mr. O'Dell suggested sources for borrowed money, and otherwise denies the remaining allegations of this Paragraph 13.

14. Denies.

15. Denies.

16. Denies.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 17 and therefore leaves the plaintiff to her proof.

18. Denies.

19. Denies.

20. Denies.

21. Admits that Mr. O'Dell left messages on an answering machine and/or a cell phone and disclosed that he was calling from URS, a debt collector, and otherwise denies the remaining allegations of this Paragraph 21 or that the paragraph accurately reflects the content of the messages.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 22 and therefore leaves the plaintiff to her proof.

23. Denies.

24. Denies.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 25 and therefore leaves the plaintiff to her proof.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 26 and therefore leaves the plaintiff to her proof.

27. Denies.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that any violation of the FDCPA was unintentional, resulting from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.  The violations alleged in Paragraphs 13, 15, 16, 18 and 23 are contrary to the defendant's policies notwithstanding the reinforcement of such policies through training, monitoring and employee discipline.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff Daniel Dexter's claims are barred due to lack of standing.

Defendant
United Recovery Systems, LP

By: _____/s/_____
    Jonathan D. Elliot (ct05762)

Zeldes, Needle & Cooper, P.C.
1000 Lafayette Blvd., Suite 500
Bridgeport, CT 06604
Tel: (203) 333-9441
Fax: (203) 333-1489
Email: jelliot@znclaw.com

Its Attorney

## **CERTIFICATION**

     I hereby certify that on June 28, 2011, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                              _____/s/_____
                                                                 Jonathan D. Elliot